JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASS'N, <br><br> Plaintiff, <br><br> vs. <br><br> CARLOS QUILO, et al., <br><br> Defendant(s). | CASE NO. CV 15-576 JFW (AJWx) <br><br> ORDER REMANDING CASE TO STATE COURT |

  The Court remands this unlawful detainer action to state court because defendant removed it improperly.

  Having been sued in an unlawful detainer action in California state court, defendant Carlos Quilo lodged a Notice of Removal of that action to this Court and also presented an application to proceed without prepayment of the filing fee. Defendant's notice of removal of this state court unlawful detainer action does not meet the removing party's burden of "establishing that removal is proper" and fails to rebut the "strong presumption against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam) (internal quotation marks omitted); see 28 U.S.C. § 1441; Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8-10 (1983); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-1043 (9th Cir. 2009).

  Defendant alleges that federal subject matter jurisdiction exists under 28 U.S.C. § 1331. However, the state court unlawful detainer complaint attached as an exhibit to the Notice of Removal

does not raise a federal question and therefore establishes no basis for federal subject matter jurisdiction under 28 U.S.C. § 1331. See Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (holding that a complaint did not allege a federal claim for removal purposes where it "contain[ed] a single cause of action for unlawful detainer").

Defendant alleges that the unlawful detainer violated the express terms of his contract [Notice of Removal 2], but even if breach of contract constitutes a federal defense or a federal counterclaim, a case may not be removed to federal court on the basis of a federal defense or a federal counterclaim. See 28 U.S.C. § 1441(c); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-832 (2002); Hunter, 582 F.3d at 1042.

Defendant also alleges that plaintiff Federal National Mortgage Association ("Fannie Mae") is "discriminating" against him and "conspired" with its attorneys and employees to evict plaintiff with "false accusations." [Notice of Removal 2-4]. Defendant further alleges that he "tried with the State court [t]o [t]ell my [s]tory but the Judge has refused to hear my side of the story." [Notice of Removal 2]. Those allegations may be defendant's attempt to allege that removal is warranted under 28 U.S.C. § 1443(1), which authorizes removal of a state civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"

"[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow." Davis v. Super. Ct. of State of Cal., 464 F.2d 1272, 1273 (9th Cir. 1972). A removal petition under section 1443(1) must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970) (per curiam), and citing City of Greenwood v. Peacock , 384 U.S. 808, 824-828 (1966); Georgia v. Rachel, 384 U.S. 780, 788-792, 794-804 (1966)); see Johnson v. Mississippi, 421 U.S. 213, 219 (1975).

Page 2

Defendant has not alleged any facts plausibly suggesting a violation of "rights that are given to [defendant] by explicit statutory enactment protecting racial civil rights." Patel, 446 F.3d at 999. Additionally, defendant's conclusory allegation that the state court "refused to hear [his] side of the story" does not plausibly suggest that the state courts will not enforce his rights with reference to a state statute or a constitutional provision that purports to command the state courts to ignore such federal rights. See Patel, 446 F.3d at 999; see also Sandoval, 434 F.2d at 636 ("Bad experiences with the particular court will not suffice."); Golden Union Prop., LLC v. Amesquita, 2011 WL 321095, at *4 (C.D. Cal. Jan. 26, 2011) (remanding the case to state court because the defendant's allegation that his "[c]onstitutionally guaranteed rights to due process and a fair hearing" were "abrogated or rendered non-existent" by an unlawful detainer action were "insufficient to invoke the court's jurisdiction under § 1443," and collecting cases).

Defendant has not alleged or shown that federal subject matter jurisdiction exists on the basis of diversity of citizenship. Defendant has not affirmatively alleged the citizenship of plaintiff Fannie Mae. See 28 U.S.C. §§ 1332(a)(1)-(4). However, courts "have questioned whether [Fannie Mae], which is incorporated under federal law and has its principal place of business in Washington, D.C., has citizenship for purposes of diversity jurisdiction." Fed. Nat'l Mortg. Ass'n v. Tinoco, 2012 WL 3279288, at *2 (C.D. Cal. Aug. 9, 2012) (citing 12 U.S.C. § 1717(a)(1); Singh v. Fed'l Na'l. Mortg. Ass'n, 2011 WL 166337, at *1 (C.D. Cal. Jan 13, 2011) (finding it unnecessary to reach the issue of Fannie Mae's citizenship for removal purposes, but noting that "corporations incorporated under federal law are not 'citizens of a State' and therefore cannot be parties to diversity actions at least where their operations are not confined to a single state") (brackets and ellipsis omitted) (quoting William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:317 (The Rutter Group 2010); Hancock Fin'l Corp. v. Federal Sav. & Loan Ins. Corp., 492 F.2d 1325, 1329 (9th Cir. 1974))).

Defendant also fails to allege that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1446(c)(2). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless certain exceptions not applicable here apply. 28 U.S.C. § 1446(c)(2).

Page 3

The unlawful detainer complaint affirmatively alleges that the amount demanded is less than $10,000.

Plaintiff could not have brought this action in federal court in the first place, and defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. See 28 U.S.C. § 1441(a). Therefore, this matter is **remanded** to the Superior Court of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to send a certified copy of this order to the state court and to serve copies of this order on the parties.

**IT IS SO ORDERED.**

DATED: _____2/9_____, 2015

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Page 4